Good morning, Your Honors. May it please the Court, my name is Raina Tanner, counsel on behalf of the petitioner, Mr. Salvador Trujillo-Silva. At this time, I'd like to reserve two minutes rebuttal. That's fine. Mr. Silva was not provided proper procedural protections nor adequate administrative review. In this case, there are three main errors committed by the immigration judge and the Board of Immigration Appeals. First, the immigration judge pre-terminated Mr. Silva's application for adjustment of status without applying the proper burden of proof. Second, the Board failed to even address Mr. Silva's request for reopening and remand. And third, Mr. Silva's applications for asylum withholding and relief under the Convention Against Torture were improperly denied. Mr. Silva has lived in the United States for nearly 30 years. He is married to a U.S. citizen, and he has two U.S. citizen children. However, in order to be eligible for adjustment of status to that of a lawful permanent resident, he was required to show that he was admitted to the United States. In removal proceedings, there's a two-step process. Yeah, we know most of this. Okay, yeah. First, Your Honors, in order to show that he was inadmissible under Section 1182A6A, he had to show that he was not clearly and beyond a doubt an A. Okay, so I have a question for you. Yes. The statute says the following. In the proceeding, the alien has the burden of establishing if the alien no, just a minute, by clear and convincing evidence that the alien is lawfully present in the United States pursuant to a prior admission. Why do you think that's limited to the removability question and not also to the adjustment of status? Well, it's two separate burdens of proof. I'm asking you why it's two separate burdens of proof. The statute doesn't say that. It says in general in the removal proceeding. You're talking about 1240.8C? Yes, right. The regulation states that he is supposed to show by clear and convincing evidence that he was admitted in order to sustain the charge. Oh, but whatever the regulation says, the statute is not so limited, is it? Well, yes, Your Honor. I.e., it applies in general. It doesn't say only with regard to the removability issue. Yes, but he's also, once inadmissibility is established, he's allowed to seek relief from removal. I understand that, but it says in the proceeding. This is part of the same proceeding, right? And the question is whether he's lawfully present in the United States pursuant to a prior admission. So why is there a separate burden? That's the way the regulations are written out. But the regulation doesn't govern over the statute. Because when you're seeking relief from removal, there's a lower burden of proof on the alien to show his ---- You're just asserting that, but I'm asking you why that's true, given that the statute doesn't have that distinction. The Attorney General's regulations are as they are written by the Attorney General, Your Honor. And the immigration judge is required to follow the regulations. And in this case, he did not. The judge did not follow the regulations. He was allowed, instead of pre-determining the application for adjustment of status, my client had the right to assert that he was admitted under preponderance of the evidence. And in Patel v. Lynch, the Sixth Circuit actually did say it doesn't make sense in some ways, but there is a reason for the separate burden of proof. In that case, the DHS, he did not show by clear ---- He actually admitted that he had never been admitted to the United States. But then they said, now, for purposes of showing adjustment of status, you need to show that you were not admitted if you want to use 245I. There is a ---- Wasn't it a separate regulatory provision that was at issue in Patel? It was still 1240.8d. The regulation, he was allowed to show by the preponderance of the evidence that he was, in that case, not admitted. In my case, it would be he was admitted. Didn't Patel involve 1255I? Yes. Whereas what we're dealing with is 1255E? Well, yes, Your Honor, but if we ---- Excuse me. Yes, Your Honor, but if they pre-terminated an application, we would never have even known that he was eligible under 1255I, because ---- Oh, but that takes this ---- what I'm asking you is why the difference in the statute doesn't make Patel really not applicable here at all. Because, again, it's a separate regulatory burden of proof standard, and my client was not afforded the right to show he was admitted. And if the judge wanted to turn around and say, under 1240.8c, I find he's inadmissible under 1182A6a, and then turn around and say, and by preponderance of the evidence, which is generally in most adjustment cases, is what the immigration judge will do. He will say you did not show by clear and convincing evidence that you were admitted, and you're seeking relief from removal, whatever the form of relief it is. What part of Patel do you say says that the burden of proof in this case ought to be by preponderance of the evidence? What part of the case are you relying on? I mean, they did state it under Patel v. Lynch. They said it may seem incongruous that we have to apply both burdens of proof, but in this case we have to. Well, I think Patel does seem to me to have the better reading of the statute, but I don't know that we can follow it because we have this Valadez-Munoz case, right, which seems to me to foreclose your argument on this particular point. So maybe you can address that case. Well, no, I don't believe in that case there was any citation to 1240.8c or d. I believe in the cases in which, like Respondent will cite, they just say you were not admitted and you're not eligible for adjustment of status, but there's no specific citation to 1240.8c or d. Yeah, but the regulation is just a reflection of what the statute provides. But that's proper procedural due process is to follow the regulations, and when we don't, that sets a dangerous precedent. No, no, no. The regulations are fully consistent with the statute, and we cited the statute in Valadez-Munoz, and it, in my mind, forecloses your argument. Do you have a response to this? Other than the fact that it didn't specifically address 1240.8c and d in that case. If the regulation is just a reflection of the statute, it can't conflict with the statute. Congress gets to decide the burden, right? So whatever the agency does in the regulation can't be in conflict with the statute. So that's what I'm saying. We have a case that construes the controlling statute. In my mind, that's adverse to your position, and I just want to hear if you have a response to that or do you just say no, that we lose under Valadez-Munoz? Again, under Valadez-Munoz, I don't believe there was any specific citation to the regulations. It wasn't in conflict with what Mr. So was arguing in this case, is that it didn't specifically address whether or not the immigration judge considered relief from removal under the preponderance of the evidence. Another example is in lawful permanent resident cases in which they're charged with an aggravated felony. Once the department actually has to show by clear and convincing evidence that they've been convicted of an aggravated felony, they're still allowed to seek cancellation of removal, even though being convicted of an aggravated felony is a statutory bar. So to not allow an alien to seek relief from removal under the lower burden of preponderance of the evidence sets a very dangerous precedent in all immigration cases. Suppose that you're not correct on those, and we get down to the point of deciding whether the Bureau, the BIA, erred in the way it dealt with reconsideration and reopening. Would you mind addressing that for a minute? And when you do, indicate what would happen on a reopening if it were ordered. Yes, Your Honor. As you can see at the administrative record, the BIA did not even acknowledge that reopening and remand was filed. And it says application for relief denied. It says reconsideration. It does not even say reopening. If the Board didn't consider it, and as Judge Berzon said in Tadevistian v. Holder, you have to have a well-reasoned decision to deny reopening. There's not even a decision in this case. What I'm asking you is, if it were reopened, if you were right, what do you see happening? If reopening is granted, he would actually seek a 601A waiver, a stateside waiver. What is that, by the way? A stateside waiver is when you're married to a U.S. citizen, you have the right to seek a stateside waiver. Once you're granted the 601A, you're allowed to leave the United States to pick up your immigrant visa at the consul after a brief interview and background checks. And in this case, he would – It doesn't require the lawful admission. No, Your Honor, it does not. It weighs – actually, it weighs the 1182AB, unlawful presence. That's the purpose of it. Has he applied for that? At this point, he has not been able to. You have to seek administrative closure before you're allowed to seek a 601A. The IJA, the immigration judge, and the Board of Immigration Appeals do not have jurisdiction over a 601A waiver. Is that in the reopening motion? I'm sorry, Your Honor? Did he raise all that in the motion to reopen? Yes, he did. In the I-130 approval, which is prima facie eligibility for the 601A, generally in court we would show that there's an I-130 approval and that immigration judges will administratively close to allow us to seek a 601A before the USCIS. It's not the immigration – We haven't asked for administrative closure yet. We haven't had – there's no – we asked for it in reopening, but the board decided not to address it. There's no decision. At this time, I'd like to reserve my meeting time for rebuttal. Thank you very much. Thank you. Thank you. May it please the Court, my name is Dawn Conrad, and I'm here today on behalf of the United States Attorney General. In this case, the agency properly found that Mr. Silva was inadmissible under 8 U.S.C.A. 1182A6AI as an alien present in the United States without being admitted and paroled, and thus ineligible for adjustment of status. We concur that Patel v. Lynch is ineligible and is distinguishable in this case because in that case petitioner sought adjustment under 1255I, which actually requires entry without inspection. Thus, his charge of inadmissibility – Who would the shifting burden approve? I don't think it's – the statute is not drafted in terms of a specific form of relief. So what difference does it make if it's 1255A v. I? Because under 1255A you have to actually establish that you are admissible. So you always have the burden as the person seeking some kind of relief from removal to show that you satisfy each of the eligibility requirements. So who cares if it's showing that you're admissible or inadmissible? You still have the burden. That's correct. That's correct. So, again, I don't see – I think Patel is the correct reading of the statutory scheme. It just happens, it seems to me, that we have a decision in our circuit that goes the other way that favors you. Yes. But are you defending Valadez-Munoz in the way we read the statute there? Because I just think that's plainly wrong, and one of our colleagues has commented that it seems wrong. I mean, we would concur that it supports our position in this case. But is that the government's – that's not the government's reading of the statute, is it? I mean, the government's reading of the statute is that adjustment requires admissibility. It's both an application for relief and an application for admission. Can I – in terms of the statute, I might – as I was saying before, I might read the statute otherwise because it appears to me the statute, as Valadez-Munoz says, talks in general about burden of persuasion with regard to admission. But the regs do make the distinction. So if the – since the regs don't seem to read the statute broadly, they seem to read it narrowly. Are you claiming – are you contending those regulations are inconsistent with the statute or what? No, Your Honor. It is our position in this case that we don't get to the regulation in 1240.8d because the finding of inadmissibility ends the question. It's not – it's a – But that does – I mean, if you just looked at the regulations, they do seem to make a distinction between the burden of proof with regard to removability and the burden of proof with regard to benefits with regard to – I don't know what the heading is, but whatever it is, it's the – Applications for relief, I believe. Yes. Yes. Grounds for relief. So why should this be a special case in which that distinction doesn't apply? Because this is not a case – If the distinction is a valid distinction. I mean, I'm not sure that it's consistent with the statute, but no one seems to be challenging that. So if we're going to apply those regulations as written, why not? It is a case – it is like an alien who is charged with an aggravated felony, and the aggravated felony's charge is sustained. His application for asylum or cancellation removal is pretermitted. There's not a question. We don't move to Section 1240.8d. Well, I don't understand that. I mean, it's only – pretermitted means he's not eligible for it. Because one requirement of this particular ground of relief is that he be – had been lawfully admitted, right? So it's not that he's pretermitted before you ever get to the requirements of the particular ground for relief. It's because of the requirements of that ground for relief. It's embedded in that inquiry, isn't it? In other words, somebody who has an aggravated felony just can't get relief, period. That's not the problem here. If the particular ground for relief didn't require his lawful admission, he could get relief. That's correct, Your Honor, but – But the analogy doesn't apply. No, it does, because when an alien is found inadmissible, they are automatically ineligible for adjustment of status. But they're not automatically ineligible for any relief. No, that's correct. Right, so they're only automatically ineligible in the sense that they're ineligible if they are, in fact, were not lawfully admitted. And the question is on whom is the burden of proof with regard to – it's part of the merits consideration of the relief, not a pretermission. The word pretermission doesn't seem to apply properly. I'm not quite sure what your question – Because it's not that he can't be considered for this. It's that he doesn't have the requisite requirements. That's correct, Your Honor. And the question is how do we know that? Well, because you have to establish that you are admissible for adjustment of status, and he did not establish it. There was actually a finding that he was inadmissible, and that terminates his application for adjustment of status. That's the way the board does it all the time. And actually, his attorney below conceded that – Does what all the time? Handles adjustment of status applications when there's a finding of inadmissibility on this issue, whether unlawful entry without inspection. I hope it's not because it invalidates – well, I guess it invalidates – okay, go ahead. I'd like to also address the weighing of the evidence in this case. Why don't you address the motion to reopen? Oh, okay. Because the board did not – Right. Didn't call it a motion to reopen and didn't decide it, it appears. Okay. Yes, Your Honor, we admit that the board did not address his motion for reopen, but it is our position that it is harmless error because it does not actually apply to him. A 601A waiver applies to inadmissibility due to unlawful – if your only ground of admissibility is due to unlawful presence under 8 U.S.C. 1182-A9B – But don't we have to remand to let the board say that if they want to say that? The board didn't decide it, and it isn't at the end of the question for our purposes. No, because in this case, remand would be futile because he's not eligible for an A601A waiver because he has three grounds of inadmissibility. And the board still didn't decide it? The board did not decide it. That's correct, Your Honor. I think we have – there's not a harmless error doctrine that governs in this situation, is there? I thought the law was just the opposite. In fact, we're not permitted to make up our own grounds. We have to send it back, and the agency can say what it wants on this. Well, Your Honor, we would contend that the harmless error rule that applies to where remands would be futile would apply in this situation because if it goes back, the agency is just going to deny it. Then maybe it should have done that in the first instance and saved us all a bunch of time arguing about this. That's true, Your Honor. They did not address it, but it is our position that it was harmless because he's not eligible for this relief. On reconsideration, did they say enough in the half a sentence that they articulated to say that we could affirm the reconsideration decision but reverse the reopen decision? Yes, Your Honor. They addressed petitioner's contentions on reconsideration. Did they do that? They properly found that they did not provide a legal or factual case that was overlooked. They did it in a conclusory fashion. That's true, Your Honor. But they covered the waterfront, and so we don't need to reconsider. Is that your point? That's true, Your Honor, yes. Regarding the weight of the evidence in this case, the agency reasonably found that Silva failed to demonstrate by clear and convincing evidence that he was in the United States pursuant to a procedurally regular admission following his 1997 removal. The IJ reasonably gave little weight to Silva's testimony where he has a history of immigration fraud and what appears to be a fraudulent I-551 stamp in his passport. Additionally, the agency reasonably gave Mr. Sanchez's testimony limited weight where his testimony regarding his 1997 departure to Mexico did not match the notes taken in his 1998 naturalization interview. Therefore, petitioner failed to meet his burden of proof for clear and convincing evidence to show that he was admitted following entry with inspection. If there are no further questions. Okay, thank you. Thank you. There's one main point I'd like to make about Respondent's argument is that she indicated finding inadmissible equals he is not eligible for adjustment of status. That is simply not true. The testimony under matter of quillentan should be considered by preponderance of the evidence and instead of pre-permitting the application for adjustment of status. And your honors, in our current climate in which immigrants are facing such imminent removal without proper protections, we need to make sure at the very least our immigration judges are providing proper procedural due process. If there are no further questions. Thank you very much. Thank you both for your argument. The case of Silva versus Sessions is submitted.
judges: Berzon, Watford, Payne